IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KIMBERLY M. BLOCHOWICZ and JEFFREY M. BLOCHOWICZ, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 124-106 |
| JILL E. STEINBERG; MERRICK B. GARLAND; U.S. DEPARTMENT OF VETERANS AFFAIRS, OGC; U.S. DEPARTMENT OF JUSTICE; and THE UNITED STATES, | * * * * * * | |
| Defendants. | * | |

_____

O R D E R
_____

Before the Court are Defendants' motion for leave to file excess pages (Doc. 10) and motion to dismiss (Doc. 11); Plaintiffs' motion to strike Defendants' motion to dismiss (Doc. 12); Plaintiffs' motion to file a sur-reply and demand for sanctions (Doc. 15); Plaintiffs' motion for default judgment (Doc. 18); and Defendants' motion to substitute attorney (Doc. 21). For the following reasons, all pending motions are **DENIED AS MOOT**.

Plaintiffs' Complaint, filed July 8, 2024, asserts claims under the Americans with Disabilities Act ("ADA"), the Federal Tort Claims Act ("FTCA"), and various other criminal and civil statutes. (Doc. 1, at 3.) The Complaint also includes an attachment (the "Attachment") with "correlating documentation."

(Id.)  The Attachment, which contains difficult to decipher fragmented assertions, seemingly re-alleges the same claims in the Complaint, as well as additional statutory, constitutional, tort, and wrongful termination claims.  (See Doc. 1-1.)  While the Complaint is completely void of any factual allegations, the Attachment attempts to allege some factual basis for Plaintiffs' claims.  According to the Attachment, Plaintiffs' claims arise out of Plaintiff Jeffrey Blochowicz's forced retirement and false felony indictment, both of which resulted from a "heinous lie" that he beat a sedated veteran patient while working as a nurse at the Charlie Norwood Veterans Administration Medical Center ("Charlie Norwood").  (Id. at 8-9.)

On September 6, 2024, Defendants filed a motion for leave to file excess pages (Doc. 10) and a motion to dismiss (Doc. 11).  On September 23, 2025, Plaintiffs filed a motion to strike the motion to dismiss for being filed without leave (Doc. 12) and, subsequently, several memoranda in support of their motion (Docs. 13, 14).  Plaintiffs then filed a motion to file a sur-reply in support of their motion to dismiss and a demand for disqualification or sanctions, a supporting memorandum, a notice of errata, and a motion for default judgment (Docs. 15, 16, 17, 18.)  Defendants responded in opposition to the motion for default judgment, and on June 13, 2025, filed a motion to substitute attorney (Docs. 19, 21).

2

Prior to assessing the merits of any pending motions, the Court addresses a preliminary issue with the present action. This is not the first civil action filed by Plaintiffs that asserts claims based on this same set of facts. It is the seventh out of eight. Specifically, Plaintiffs have filed the following civil actions with the Court:

1. <u>Blochowicz v. Steinberg, et al.</u>, No. 1:24-cv-053-JRH-BKE, Doc. 1 (S.D. Ga. Apr. 26, 2024)

2. <u>Blochowicz v. Steinberg, et al.</u>, No. 1:24-cv-064-JRH-BKE, Doc. 1 (S.D. Ga. May 8, 2024)

3. <u>Blochowicz v. Steinberg, et al.</u>, No. 1:24-cv-076-JRH-BKE, Doc. 1 (S.D. Ga. May 23, 2024)

4. <u>Blochowicz v. The United States, et al.</u>, No. 1:24-cv-084-JRH-BKE, Doc. 1 (S.D. Ga. June 4, 2024)

5. <u>Blochowicz v. The United States, et al.</u>, No. 1:24-cv-095-JRH-BKE, Doc. 1 (S.D. Ga. June 21, 2024)

6. <u>Blochowicz, et al. v. Steinberg, et al.</u>, No. 1:24-cv-105-JRH-BKE, Doc. 1 (S.D. Ga. July 8, 2024) ("Case 105")

7. <u>Blochowicz v. The United States, et al.</u>, No. 1:25-cv-037-JRH-BKE, Doc. 1 (S.D. Ga. Feb. 27, 2025) ("Case 037").

Each case asserts various claims against Jill Steinberg; Merrick Garland[1]; the United States; the U.S. Department of Veterans

---

[1] Immaterial to the Court's analysis, Case 037 substitutes Pamela Bondi for Merrick Garland as the Attorney General of the United States. <u>See</u> FED. R. CIV.

3

Affairs, OGC; and the U.S. Department of Justice (the "Defendants") arising from the same set of underlying facts – namely, Plaintiff Jeffrey Blochowicz's termination from Charlie Norwood and his related criminal indictment. Of the seven actions, all but Case 105, Case 037, and the present case have been dismissed. A thorough comparison of the dockets in Case 105 and the present case reveals that not only are the allegations and claims asserted largely identical, but so are the pending motions and subsequent filings. While the complaint in Case 037 adds claims and factual allegations, the action also arises from Jeffrey Blochowicz's termination and the pending motions are materially alike. <u>See</u> Case 037, Doc. 1. Observing these similarities, the Court considers whether Plaintiffs have engaged in impermissible claim-splitting.

The Eleventh Circuit's rule against claim-splitting "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought." <u>Vanover v. NCO Fin. Servs., Inc.</u>, 857 F.3d 833, 841 (11th Cir. 2017) (citation and internal quotation marks omitted). "Th[is] doctrine reflects that a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another

---

P. 25(d) (providing that when a public officer ceases to hold office while an action is pending their successor is automatically substituted as a party).

case then pending in federal court." Zephyr Aviation III, L.L.C. v. Keytech Ltd., No. 8:07-CV-227-T-27, 2008 WL 759095, at *6 (M.D. Fla. Mar. 20, 2008) (citations omitted). It also "promote[s] judicial economy and shield[s] parties from vexatious and duplicative litigation." Vanover, 857 F.3d at 841 (citation omitted).

In determining whether litigation is duplicative, the Court applies a two-factor test analyzing "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." Id. at 841-42 (citation omitted). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." Id. at 842 (citation omitted). While claim-splitting is often raised in a motion to dismiss, the issue may also be raised *sua sponte*. See, e.g., Brown v. Delta Air Lines, Inc., No. 1:22-CV-3633, 2023 WL 10675083, at *5-7 (N.D. Ga. July 19, 2023), *report and recommendation adopted*, No. 1:22-CV-3633, 2023 WL 10675297 (N.D. Ga. Aug. 11, 2023); Davie v. First Horizon Bank, No. 1:24-CV-03230, 2024 WL 4251732, at *1 (N.D. Ga. Aug. 2, 2024).[2]

---

[2] Defendants raise the issue of claim splitting in their motion to dismiss pending before the Court. (Doc. 11, at 18-21.) However, because Plaintiffs filed a motion to strike the motion to dismiss (Doc. 12), which they claim they did not timely receive, the Court, out of an abundance of caution, tackles the issue *sua sponte* and irrespective of any briefing on the issue. (Id. at 3.)

5

The Court finds this action should be dismissed for improper claim-splitting. As to the first factor, the Parties in the present action and Case 037 are identical. And as to the second factor, the two actions are clearly based on the same nucleus of operative facts. In fact, Plaintiffs state in a motion pending in Case 037, "The single case of [Case 037] presents the active Universe of Claims and Causes at this point . . .. Plaintiffs merely expected that the Court would simply dismiss the 105 and 106 cases so that they could streamline everything into one complaint." Case 037, Doc. 10, at 10. Moreover, the need to shield the Parties from "vexatious and duplicative litigation" is prevalent, as not only are this docket and that in Case 105 nearly identical, the dockets in the five cases filed by Plaintiffs of which the Court has already disposed were also replete with repetitious filings. See Klayman v. Porter, No. 22-13025 2023 WL 2261814, at *3 (11th Cir. Feb. 28, 2023). As such, this action is **DISMISSED** and any motions presently pending before the Court are **DENIED AS MOOT**.

For the foregoing reasons, **IT IS HEREBY ORDERED** that this matter is **DISMISSED**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case. All future filings should be filed exclusively in Blochowicz, et al. v. United States, et al., No. 1:25-cv-037-JRH-BKE (S.D. Ga. Feb. 27, 2025).

**ORDER ENTERED** at Augusta, Georgia, this ___1ST___ day of ___August___, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7